# EXHIBIT A

**DELIVER THESE PAPERS TO YOUR LIABILITY INSURANCE CARRIER IMMEDIATELY. YOUR FAILURE TO DO SO MAY RESULT IN THE LOSS OF COVERAGE.**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF MONROE**
**************************************************************

MICHEAL DEAN,

Plaintiff,

v.

WALMART, INC., and WAL-MART STORES EAST, LP,

Defendants.

**************************************************************

**SUMMONS**

**Index No.:**

**Date Filed:**

Plaintiff(s) designate(s) MONROE COUNTY as the place of trial.

The basis of venue is:
Plaintiff(s) residence
119 State Street
Apt. 209
Rochester, NY 14614

**TO THE ABOVE NAMED DEFENDANT(S):**

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorneys an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: Rochester, New York
June 25, 2025

Yours, etc.,

**CELLINO LAW LLP**

By: ______________________________
Erin K. Skuce, Esq.
Attorneys for Plaintiff
73 State Street
Rochester, NY 14614
(888) 888-8888

WALMART, INC.
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

WAL-MART STORES EAST, LP
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE
**************************************************************

MICHEAL DEAN,

Plaintiff,

v.

**COMPLAINT**

WALMART, INC., and WAL-MART STORES EAST, LP,

**Index No.:**

Defendants.

**************************************************************

Plaintiff, MICHEAL DEAN, by his attorneys, CELLINO LAW, LLP for his complaint against defendant, above-named, alleges upon information and belief:

1. At all times herein relevant, plaintiff, MICHEAL DEAN, has been a resident of the County of Monroe and State of New York.

2. That at all times herein relevant, defendant, WALMART, INC., was a foreign business corporation conducting business in the State of New York.

3. That at all times herein relevant, defendant, WALMART, INC. transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

4. That at all times herein relevant, defendant, WALMART, INC., committed a tortious act within the State of New York.

5. That at all times herein relevant, defendant, WALMART, INC., committed a tortious act without the State of New York causing injury to person or property within the State of New York.

6. That at all times herein relevant, defendant, WALMART, INC., owns, uses, leases, or possesses real property situated within the State of New York.

7. That by virtue of the allegations above, defendant, WALMART, INC., is subject to the laws of the State of New York pursuant to CPLR §302.

8. That at all times herein relevant, defendant, WAL-MART STORES EAST, LP, was a foreign limited partnership conducting business in the State of New York.

9. That at all times herein relevant, defendant, WAL-MART STORES EAST, LP, transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

10. That at all times herein relevant, defendant, WAL-MART STORES EAST, LP, committed a tortious act within the State of New York.

11. That at all times herein relevant, defendant, WAL-MART STORES EAST, LP, owns, uses, leases or possesses real property situated within the State of New York.

12. That by virtue of the allegations above, defendant, WAL-MART STORES EAST, LP, is subject to the laws of the State of New York pursuant to CPLR §302.

13. At all times herein relevant, defendant WALMART, INC., has been the owner/lessor of a certain premises, and conducted a retail business commonly known as Walmart located at 2150 Chili Avenue, Rochester, New York 14624, County of Monroe.

14. At all times herein relevant, defendant WAL-MART STORES EAST, LP, has been the owner/lessor of a certain premises, and conducted a retail business commonly known as Walmart located at 2150 Chili Avenue, Rochester, New York 14624, County of Monroe.

15. That at all times hereinafter mentioned, defendants by their agents, servants and/or employees managed the aforesaid premises.

16. That at all times hereinafter mentioned, defendants by their agents, servants and/or employees maintained the aforesaid premises.

17. That at all times hereinafter mentioned, defendants by their agents, servants and/or employees controlled the aforesaid premises.

18. That at all times hereinafter mentioned, defendants by their agents, servants and/or employees operated the aforesaid premises.

19. That at all times hereinafter mentioned, defendants by their agents, servants and/or employees supervised the aforesaid premises.

20. That at all times hereinafter mentioned, defendants by their agents, servants and/or employees inspected the aforesaid premises.

21. At all times herein relevant, it was the duty of defendants, their agents, servants, and/or employees to maintain the premises mentioned above in a reasonably safe and suitable condition for tenants, business invitees, patrons and guests.

22. On or about May 4, 2024, plaintiff MICHEAL DEAN, was lawfully within the premises mentioned above as a customer of goods and services.

23. On or about May 4, 2024, plaintiff MICHEAL DEAN, was caused to slip and fall on the premises causing plaintiff to sustain injuries and damages as hereinafter alleged.

24. Upon information and belief, the defendants and/or their agents, servants, and/or employees had actual knowledge of, constructive knowledge of, and/or created the dangerous, hazardous and/or defective condition, namely a wet and slippery floor intended for public use, that caused the plaintiff, MICHEAL DEAN to slip and fall, and failed to warn the plaintiff of said dangerous, hazardous and/or defective condition.

25. As a result of the negligence and carelessness of the defendants, and/or their agents, servants, and/or employees, and the dangerous, hazardous and/or defective condition of the bathroom floor, the plaintiff, MICHEAL DEAN was caused to suffer severe and permanent injuries and damages referred to herein.

26. The aforementioned incident occurred solely as a result of defendants' negligence without any negligence attributable in any measure to plaintiff, MICHEAL DEAN.

27. As a result of the negligence and/or recklessness of the defendants, as alleged above, plaintiff MICHEAL DEAN was injured and has suffered damages in an amount which exceeds the monetary jurisdictional limits of all courts which would otherwise have jurisdiction.

28. The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exceptions set forth in CPLR Section 1602 applies.

**WHEREFORE**, plaintiff demands judgment against defendant, WALMART, INC., in an amount which exceeds the jurisdictional limits of all courts which would

otherwise have jurisdiction, and exceeds the minimum necessary for diversity jurisdiction in all federal district courts which would otherwise have jurisdiction, and plaintiff MICHEAL DEAN demands such other, further and different relief as the Court may deem just and proper, together with the costs and disbursements of this action.

DATED: June 25, 2025
Rochester Office

**CELLINO LAW LLP**

By: ______________________________
Erin K. Skuce Esq.
73 State Street
Rochester, NY 14614
888-888-8888