UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL DEAN,

Plaintiff,

v.

25-cv-06753

WALMART, INC.,
WAL-MART STORES EAST, LP,

**DECISION & ORDER**

Defendants.

---

## BACKGROUND

On or about June 26, 2025, Plaintiff commenced this action in New York State Supreme Court, Monroe County upon the filing of a Summons and Complaint. ECF 5-1, ¶ 4. In this personal injury action, Plaintiff seeks damages for injuries allegedly sustained from a slip and fall at a Walmart store. *Id.*, ¶ 3. Service of Process of the Summons and Complaint occurred on July 9, 2025, and Defendants filed and served their Answer on or about August 1, 2025. *Id.*, ¶¶ 5-6. On or about December 11, 2025, the action was removed to this Court based on diversity of citizenship. ECF No. 7, ¶ 11. On December 19, 2025, Plaintiff filed the instant motion to remand the action to state court. ECF No. 5. Over Defendant's objection and for the reasons that follow, Plaintiff's motion for remand is GRANTED, and this action shall be remanded to state court.

## DISCUSSION

28 U.S.C. § 1447(c) authorizes federal courts to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper. *Sandhu v. Citibank, N.A.*, 758 F. Supp. 3d 162, 164 (W.D.N.Y. 2024) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." (citation omitted))); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). Thus, the removing party must demonstrate "compliance with the statutory requirements." *Commonwealth Advisors Inc. v. Wells Fargo Bank, Nat'l Ass'n*, No. 15-CV-7834 (JMF), 2016 WL 3542462, at *2 (S.D.N.Y. June 23, 2016) (quotation omitted); *see* 28 U.S.C. § 1446(a).

28 U.S.C. § 1446 and Local Rule of Civil Procedure 81 set forth procedural requirements for noticing removal to the Western District of New York. "There is nothing in the removal statute that suggests that a district court has discretion to overlook or excuse prescribed procedures." *Commonwealth Advisors Inc.,* 2016 WL 3542462, at *2.; *see L.Y.E. Diamonds Ltd. v. Gemological Inst. of Am. Inc.*, No. 16-CV-3766 (VSB), 2017 WL 1207839, at *3 (S.D.N.Y. Mar. 31, 2017). "This Court must 'construe the removal statute narrowly, resolving any doubts against removability.'"

*Bagnato v. The Home Depot*, No. 03-CV-0789E(SC), 2004 WL 625270, at *1 (W.D.N.Y. Jan. 15, 2004) (quoting *Somlyo v. J. Lu–Rob Enters.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991)); *see Leslie v. BancTex Serv. Corp.*, 928 F. Supp. 341, 347 (S.D.N.Y. 1996) ("all doubts should be resolved in favor of remand"). Inadvertent noncompliance with the procedural requirements for removal is not a reasonable defense to a motion for remand. *See, e.g., Polito v. Hanover Ins. Grp., Inc.*, No. 18-CV-6332 CJS, 2018 WL 3598873, at *5–6 (W.D.N.Y. July 27, 2018); *Catalina Corp. v. Pauma Band of Luiseno Indians*, No. 10cv1404–WQH–BLM, 2010 WL 4024895 (S.D. Cal. Oct. 12, 2010).

Plaintiff primarily argues that remand is warranted due to the untimeliness of Defendants' Notice of Removal filed more than thirty days after service and receipt of the Summons and Complaint as well as alleged fatal defects to the Notice of Removal by omitting copies of the complete state court papers. ECF No. 5. Defendants oppose remand arguing that removal was timely and all filed proofs of service on the state docket were included in the Notice of Removal. ECF No. 7.

28 U.S.C. § 1446(b)(1) states that "[t]he notice of removal in a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, by service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Further, "[i]t is well established that § 1446(b)'s thirty day filing period, while not jurisdictional, is mandatory and failure to comply with it will defeat a defendant's removal petition." *Cellino Law LLP v. Goldstein Greco, P.C.*, 2024 WL 3579126, at *6.

Defendant argues that the 30-day clock did not start until they were served with Plaintiff's Specific Demand for Relief. ECF No. 7, ¶ 17. Defendants received Plaintiff's demand for relief in the amount of $1,200,000 on November 14, 2025. ECF No. 7, ¶ 10. Defendants argue, therefore, that the removal of this Action on December 11, 2025 was timely. ECF No. 7, ¶ 11. The Court disagrees.

Here, Plaintiff's Complaint demanded judgement in an amount which "exceeds the minimum necessary for diversity jurisdiction in all federal district courts which would otherwise have jurisdiction..." ECF No. 5-1, ¶ 8. That Complaint was served on Defendant on July 9, 2025. *Id.*, ¶ 5.

In determining when the 30-day removal clock starts, courts have held that a defendant has sufficient notice when the pleading states that the amount in controversy exceeds the minimum amount required for diversity jurisdiction. *See Essenmacher v. Keene Carriers, Inc.*, 702 F. Supp. 3d 160, 165 (W.D.N.Y. 2023) (citing *Reyes v. Hess Retail Stores, LLC*, 605 F. Supp. 3d 463, 465 (E.D.N.Y. 2022)). Consequently, Defendant had sufficient notice as of July 9, 2025 and this Action's removal on December 11, 2025, was untimely. For the foregoing reasons, this matter is remanded to the New York State Supreme Court, County of Monroe.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's motion for remand, ECF No. 5, is GRANTED, and the Clerk of Court is directed to remand this action to the New York State Supreme Court, County of Monroe.

SO ORDERED.

Dated: September 30, 2026
Rochester, New York

HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE